UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREA ANDERSON,

    Plaintiff,

    v.

WASHINGTON HILTON, LLC, *et al.*,

    Defendants.

Civil Action No. 21-1140 (JEB)

### MEMORANDUM OPINION

*Pro se* Plaintiff Andrea Anderson has sued Hilton Management LLC (improperly labeled Washington Hilton, LLC) and certain of its employees, alleging that one raped her while she was staying at the hotel. Hilton now moves for partial dismissal, contending that her battery count falls outside the applicable statute of limitations and that her prayer for punitive damages and attorney fees cannot stand. Agreeing on all points, the Court will grant the Motion.

**I.  Background**

Given that very few details are necessary to decide the disputed issues here, the Court will be spare in its recitation. According to Plaintiff's Complaint, which is presumed true at this juncture, Anderson was a guest of the hotel when an employee named Brian (no known last name) entered her room and raped her in May 2018. See ECF No. 1 (Complaint), ¶¶ 15–18. She subsequently brought this diversity action against Hilton, Brian, and other unknown Defendants, id. at 1 & ¶¶ 4, 8–9, asserting counts for battery, negligence, negligent supervision and hiring, intentional infliction of emotional distress, negligent infliction of emotional distress, and "reckless and willful disregard." Id., ¶¶ 21–50. In addition to compensatory damages, she seeks

punitive damages and attorney fees. Id. at 9. Hilton now moves for partial dismissal. See ECF No. 2-1 (Def. MTD).

## II.     Legal Standard

In evaluating Defendant's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant [P]laintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted); see also Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005). The pleading rules are "not meant to impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and she must thus be given every favorable inference that may be drawn from the allegations of fact. Sparrow, 216 F.3d at 1113.

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The Court need not accept as true, then, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted). For a plaintiff to survive a 12(b)(6) motion, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**III.     Analysis**

In moving to partially dismiss, Hilton assails three components of the suit: the battery count and the prayers for punitive damages and attorney fees. The Court looks at each separately.

    A.     Count I: Battery

Defendant initially points out that Anderson's first count (battery) falls victim to the District of Columbia's one-year statute of limitations for such actions. See Def. MTD at 2–3 (citing D.C. Code § 12-301(4)); Maddox v. Bano, 422 A.2d 763, 764–65 (D.C. 1980) (affirming grant of summary judgment on battery claim brought after one year). Plaintiff filed her suit on April 26, 2021, almost three years after the incident on May 29, 2018, and she does not argue that any tolling of the time is appropriate here. She is thus out of luck.

Anderson nonetheless maintains that the applicable subsection of the statute is actually § 12-301(11). See ECF No. 5 (Opp.) at 1. That subsection does state that a five-year window exists "for the recovery of damages arising out of sexual abuse that occurred while the victim was less than 35 years of age." That, Anderson posits, is what occurred here. While it is true that the battery she describes involved sexual misconduct, she has not brought an action for sexual abuse; she has clearly labeled her first count "battery" and does not maintain otherwise in her Opposition. See Compl. at 5; Opp. at 1–3. It thus does not survive the Motion. See Doe v. Kipp DC Supporting Corp., 373 F. Supp. 3d 1, 15 (D.D.C. 2019) (in sex-abuse case, dismissing battery claim under one-year statute of limitations).

    B.     Punitive Damages

Defendant next asks the Court to dismiss any request for punitive damages. See Def. MTD at 3–5. As this is not an actual count, but rather a component of Plaintiff's prayer for

3

relief, the Court will consider Hilton's request as a motion to strike. See Petworth Holdings, LLC v. Bowser, 333 F.R.D. 297, 301 (D.D.C. 2019). In support, Defendant cites Snow v. Capitol Terrace, Inc., 602 A.2d 121 (D.C. 1992), which sets forth the law of the District of Columbia: "Punitive damages may be assessed against a corporation if: (1) the act of the corporate employee was intentional, malicious or willful, and (2) the corporation through its officers or directors participated in the doing of the wrongful act or authorized or subsequently ratified the offending conduct with full knowledge of the facts." Id. at 127, cited in Def. MTD at 4. While Anderson has certainly alleged that the rape itself was intentional and malicious, she has nowhere claimed that Hilton in any way participated, authorized, or ratified it either explicitly or implicitly. Indeed, she never alleges that the company even knew about it at the time.

In her Opposition, Plaintiff does nothing to address this deficiency, spending her time instead describing why Hilton could be vicariously liable for Brian's acts. See Opp. at 3–6. That, of course, is not the issue the Motion presents. The bar for punitive damages is considerably higher than the bar for vicarious liability, and it is a bar Anderson does not clear here. This prayer will be stricken.

    C.    Attorney Fees

Another item on her list of requested remedies is attorney fees. See Compl. at 9. In seeking their rejection, Hilton notes that Plaintiff is appearing *pro se*. See Def. MTD at 5. Plaintiffs who represent themselves may not recover attorney fees given that no attorney exists. Kay v. Ehrler, 499 U.S. 432, 435–36 (1991) (concluding that *pro se* litigant could not recover attorney fees in civil-rights action). Anderson does not contest the point, rendering it conceded. Even if counsel subsequently appears, the claims here are common-law torts that, unlike certain

4

statutes, do not award fees to the winner.  See, e.g., Nest & Totah Venture, LLC v. Deutsch, 31 A.3d 1211, 1229 (D.C. 2011)   This prayer, too, finds its terminus here.

### IV.     Conclusion

For the foregoing reasons, the Court will grant Defendant's Partial Motion to Dismiss, dismiss Count I (battery), and strike the request for punitive damages and attorney fees.  A separate Order consistent with this Opinion will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  August 31, 2021